UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRETIEN TURNER, # 471681,

      Petitioner,

v.                                           Case No. 10-cv-15004
                                            Honorable Nancy G. Edmunds

CARMEN PALMER,

      Respondent.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING AN APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

      Petitioner Chretien Turner, a state inmate currently incarcerated at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that he is incarcerated in violation of his constitutional rights. On September 13, 2004, Turner pleaded no contest to (1) assault with intent to commit murder, MICH. COMP. LAWS § 750.83, (2) felony firearm, MICH. COMP. LAWS § 750.227BA, and (3) carrying a concealed weapon, MICH. COMP. LAWS § 750.227, in Washtenaw County, Michigan, Circuit Court. On October 28, 2004, he was sentenced to (1) eighteen to forty years in prison for the assault-with-intent-to-murder conviction, (2) the mandatory two years in prison for the felony-firearm conviction, and (3) two to five years in prison for the carrying-a-concealed-weapon conviction. In his *pro se* application, Turner alleges that the trial court never acquired subject-matter jurisdiction over his no-contest plea proceedings because the district court never filed a proper return of the preliminary-examination record. For the reasons stated below, the Court will summarily dismiss the petition. The Court will

also decline to issue Turner a certificate of appealability and will deny him an application for leave to proceed on appeal *in forma pauperis*.

## I.  BACKGROUND

From his pleadings, it appears that Turner filed an application for leave to appeal his no-contest plea with the Michigan Court of Appeals, which was denied for lack of merit. *People v. Turner*, No. 266591 (Mich.Ct.App. Jan. 17, 2006). He then attempted to file an application for leave to appeal that decision with the Michigan Supreme Court, which the clerk refused to file because it was untimely. In both applications, Turner asserted that his sentence information was improperly scored.

Three years later, on September 3, 2009, Turner filed a motion for relief from judgment with the state-trial court, alleging that his conviction should be reversed because the trial court lacked subject-matter jurisdiction because the district court failed to file a proper return of the preliminary-examination record. The trial court denied the motion. *People v. Turner*, 03-0001935-FH (Washtenaw County Circuit Court, Oct. 8, 2009). Turner then filed an appeal from that decision with the Court of Appeals, which was denied for failure to meet the burden of establishing relief under Mich.Ct.R. 6.508(D). *People v. Turner*, No. 296974 (Mich.Ct.App. May 28, 2010). The Michigan Supreme Court subsequently denied relief for the same reason. *People v. Turner*, --- Mich. ---, 789 N.W. 468 (2010).

On December 16, 2010, Turner filed the pending habeas petition, raising the same claim raised in his post-conviction motion and the state appellate courts thereafter.

## II.  DISCUSSION

### A. Standard of Review

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal-habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Alder v Burt*, 240 F.Supp.2d 651, 677 (E.D. Mich. 2003) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

### B. Lack of Trial-Court Jurisdiction Claim

Turner claims that the trial court never acquired subject-matter jurisdiction over his no-contest plea proceedings because the district court never filed a proper return of his preliminary-examination record. That claim is not cognizable on habeas review. It is well-established that habeas review does not extend to questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "[A] [d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). As the Supreme Court has long explained, "there is nothing in the clauses of the 14th Amendment guarantying [sic] due process and equal protection which converts an issue respecting the jurisdiction of a state court under the Constitution and statutes of

3

the state into anything other than a question of state law[.]" *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917).

Against that backdrop, the Court concludes that the habeas petition does not present grounds which may establish the violation of a federal-constitutional right. Therefore, the Court will dismiss the petition. Turner is not entitled to habeas-corpus relief regarding this claim.

### III.  CONCLUSION

The Court concludes that it plainly appears from the face of the petition that Turner is not entitled to habeas-corpus relief. The Court will therefore dismiss the petition for writ of habeas corpus. The Court also declines to issue Turner a certificate of appealability.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte*. *See Dell v. Straub*, 194 F.Supp.2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny Turner a certificate of

appealability because reasonable jurists would not find the Court's resolution of his claim debatable or wrong. *Dell*, 194 F.Supp.2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *McClain v. Warren*, No. 08-CV-12624, 2008 WL 2605211 *5-6 (E.D. Mich. June 30, 2008) (citing *Alexander v. Harris*, 595 F.2d 87, 91 (2nd Cir. 1979)).

Accordingly, the Court will also deny Turner an application for leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell*, 194 F.Supp.2d at 659.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner Turner a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner Turner will be **DENIED** an application for leave to appeal *in forma pauperis*.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: January 5, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager